UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE ACCOUNTING DEPARTMENT, INC., a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIFE HOME HEALTH CARE, INC., an Illinois corporation,<br><br>Defendant. | No. 09 C 5463<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff, The Accounting Department ("TAD"), is a home health agency billing, bookkeeping, and management service. In January 2002, TAD entered into a five-year agreement with Life Home Health Care, Inc. ("LHHC") to provide accounting services to LHHC for a fee of 7.5% of LHHC's billing revenues. In Count I of its complaint, TAD claims that LHHC breached the agreement by failing to pay TAD an outstanding balance of $180,240.79. TAD also claims in Count II that LHHC breached a December 27, 2007, promissory note it executed with TAD in which LHHC acknowledged its debt to TAD which was, at the time, $201,934.70. In addition to these two claims, TAD maintains in Count III that LHHC was unjustly enriched, and includes a separate count entitled "Accounts Stated." LHHC now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the contract at issue is voidable under Medicare law. For the following reasons, Defendant's motion is denied.

## II. STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiffs' complaint as true and draw all reasonable inferences from those facts in favor of Plaintiffs. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiffs, for their part, must do more than solely recite the elements for a violation; they must plead with sufficient particularity so that their right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must plead their facts so that, when accepted as true, they show the plausibility of their claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiffs must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of their entitlement to relief. *Id.* (internal quotations omitted).

## III. DISCUSSION

In its motion to dismiss the complaint against it, Defendant LHHC argues its contract with Plaintiff TAD is voidable under Medicare Rules and Regulations. LHHC maintains that it is a "Home Health Agency" providing Medicare beneficiaries with "home health services," as defined by The Medicare Act (the "Act").[1] 42 U.S.C. §§ 1395x(o), (m). Under the Act, "providers of services" are entitled to reimbursement for services rendered to Medicare beneficiaries. 42 U.S.C. §§ 1395x(u), *In-Home Health Care Service of Suburban Chicago North, Inc. v. Harris*, 512 F. Supp. 84, 86 (N.D. Ill. 1981). The Act specifies that any reimbursement is limited to the "reasonable cost" of the service rendered, which is defined as

---

[1] 42 U.S.C. §§ 1395 to 1395iii.

2

"the cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services[.]" 42 U.S.C. § 1395x(v)(1)(A). In order to be reimbursable, a contract with a subcontractor valued in excess of $10,000 over a twelve-month period must include a provision allowing access to books and records by the Secretary of the Department of Health and Human Services, the Comptroller General, or any of their representatives. 42 U.S.C. § 1395x(v)(1)(I)(I). If the amount payable under a contract is determined on the basis of a percentage of the provider's billing revenues, it is not a reimbursable cost unless the amount involved is "reasonable," and "the contract is a customary commercial business practice, or provides incentives for the efficient and economical operation of the provider of services." 42 U.S.C. § 1395xx(b)(1)-(2).

According to LHHC its contract with TAD is "voidable" under the Act for three reasons: (1) it does not contain an access provision;[2] (2) the fee specified in the contract is based on a percentage of LHHC's billing revenues; and (3) TAD's fees pursuant to the contract were unreasonable.[3] All three arguments advanced by LHHC assume that because costs under the contract may not be allowable under the Act, the contract between the parties is rendered void. LHHC provides no support for this logical leap, and none of its arguments is successful.

LHHC first argues that its contract with TAD is voidable because it is for more than $10,000 over a twelve-month period and lacks an access provision in violation of § 1395x(v)(1)(I)(I). LHHC states: "The Medicare Programs' administrative hearing bodies have

---

[2] Notably, this argument is raised for the first time in LHHC's reply brief.

[3] LHHC also maintains that "[e]ntering into a contract for services that the Medicare program will not reimburse is quite detrimental to LHHC," but it provides no legal support for the suggested inference that this detriment dictates a dismissal of the claims against it.

3

held contracts lacking access clauses to be voidable." In support of this statement, LHHC cites a Provider Reimbursement Review Board (the "Board") decision in *VNA Rhode Island v. BCBS*, Decision Number 2003-D42. However, it appears that LHHC has mischaracterized the holding of that decision. In that case, the Provider sought reimbursement for translation services furnished by a subcontractor. The Provider's claim was disallowed because the Provider was unable to produce a copy of the contract at issue, and without the contract, there was no way to insure that it contained the required access clause. On appeal, the Board affirmed the denial on this ground and held that reimbursement was prohibited. The Board did not, however, "void" the contract, and there is no suggestion in the opinion that the Provider was somehow no longer responsible for the monies owed to the subcontractor.

LHHC also argues that the contract is voidable because the fee for services rendered is based on a percentage of LHHC's billing revenues. While it is true that such fees may not be reimbursable, it is difficult to see how this renders the contract void. Furthermore, LHHC points to no authority that supports this contention. LHHC's assertion that the contract is voidable because the fee for services is unreasonable under the Act is similarly unsupported.

In conjunction with its final argument, LHHC maintains that TAD's complaint must be dismissed and the contract voidable because TAD failed to allege in its complaint that its fee met the "reasonableness" factors put forth in the Provider Reimbursement Manual ("PRM"), a set of "non-binding guidelines and interpretative rules to assist providers and intermediaries in the implementation of the Medicare regulations." *Battle Creek Health System v. Leavitt*, 498 F.3d 401, 404 (6th Cir. 2007). But a review of the cited PRM provisions suggests that where a

4

contract contains non-reimbursable expenses it is not void, but rather remains in full effect, leaving the provider stuck with the nonreimbursed costs. Section 2135.2(A) of the PRM reads:

> A provider should be careful that it does not enter into a contract containing any provision(s) which in any way prevents it from fulfilling its ongoing responsibilities as a prudent buyer. While such provision(s) may have no immediate effect upon the provider's reimbursement, it may subsequently affect reimbursement; e.g., a contract may have an extremely punitive termination penalty which would result in nonreimbursable expenses.

The language "a provider should be careful" suggests that the provider will be responsible for any nonreimbursable expenses. LHHC points to no section of the PRM that suggests that the contract at issue should be void for unreasonableness. For these reasons, LHHC's motion to dismiss TAD's breach of contract claim is denied.

LHHC fails to address the remaining claims against it,[4] and its motion to dismiss counts II, III and IV is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: February 5, 2010

---

[4] Even were the contract void, the unjust enrichment claim would presumably survive, since LHHC does not dispute that TAD provided certain accounting services.